**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO RODRIGUEZ-LUGO, | No. 10-56424 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-02174-BEN-AJB |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted November 15, 2011
Pasadena, California

Before: GOODWIN, W. FLETCHER, and RAWLINSON, Circuit Judges.

Appellant Antonio Rodriguez-Lugo (Lugo), who pled guilty in 1975 to

possession of marijuana with intent to distribute, challenges the district court's

dismissal of his petition for writ of error *coram nobis* premised on ineffective

assistance of counsel and an allegedly defective plea colloquy.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Dismissal of Lugo's *coram nobis* petition was proper, as the petition was barred by laches. Lugo failed to exercise reasonable diligence in delaying until 2009 to challenge his 1975 guilty plea. *See Telink, Inc. v. United States*, 24 F.3d 42, 48 (9th Cir. 1994). The government was prejudiced by Lugo's delay, as the record no longer permits the government to effectively rebut Lugo's claims. *See id.* ("But for [Lugo's] delay, the government would have preserved its case, [and] reprosecution (if necessary) would have occurred earlier . . ."); *see also United States v. Riedl*, 496 F.3d 1003, 1008-09 (9th Cir. 2007). The district court, therefore, properly dismissed Lugo's petition as barred by laches. *See id.*[1]

**AFFIRMED.**

---

[1] The parties agree that the district court erred in dismissing Lugo's *coram nobis* petition pursuant to the Anti-Terrorism and Effective Death Penalty Act's statute of limitations. *See United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005), *as amended*, *abrogated on other grounds by Padilla v. Kentucky*, 130 S.Ct. 1473, 1484 (2010) ("Because a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations.") (citations omitted).